I concur in the main opinion. Because the parties' divorce judgment was silent on the issue of the parties' future responsibilities with respect to the joint debt that had been secured by the mobile home, the wife took possession of the mobile home subject to that debt, the parties' personal obligations as to that debt after the divorce remained the same as they were before the divorce, and the trial court has lost jurisdiction to modify the property-division aspects of its judgment so as to allocate that debt.
I write specially to note the potential applicability of Ala. Code 1975, § 8-3-1, to the parties' situation concerning the mobile-home debt:
 "Joint makers of notes, bills, bonds, or contracts for the payment of money are bound severally and jointly to the payee, transferee, or holder, jointly and severally, for the full amount due; but as between themselves, each is principal to the extent of his share of the joint and *Page 361 several debt and surety to the extent of the shares of the other makers."
(Emphasis added.) That statute enables a comaker of a note who has paid more than his or her share of the debt evidenced by the note to bring a contribution action against a comaker who has not paid his or her share.See generally Hardy v. McMullan, 612 So.2d 1146 (Ala. 1992). To the extent the wife may have failed or refused to pay her share of the mobile-home debt, and to the extent that the husband may have paid more than his share of that debt, the husband may yet be entitled to relief even though the wife is not in actual or constructive contempt of the divorce judgment.
THOMPSON, J., concurs.